IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Bill GINSBERG, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant-Respondent,

v.

Bill GINSBERG, Respondent-Appellant.

Supreme Court

*No. 2007AP2351–D. Submitted on briefs November 19, 2008.
—Decided February 16, 2009.*

2009 WI 18

(Also reported in 761 N.W.2d 4.)

8

For the respondent-appellant there were briefs by *Stephen J. Meyer* and *Meyer Law Office,* Madison.

For the complainant-respondent there was a brief by *Thomas J. Basting, Sr.,* retained counsel for the Office of Lawyer Regulation, Madison.

The Court entered the following order on this date:

Attorney Bill Ginsberg has appealed a referee's report concluding that Attorney Ginsberg failed to represent his client, A.P., in a reasonably diligent manner in violation of SCR 20:1.3 and recommending this court impose a private reprimand on him together with the costs of this proceeding.

We review the referee's conclusions of law de novo. We conclude that the facts of this case do not support a conclusion that Attorney Ginsberg's conduct violated SCR 20:1.3. We therefore dismiss the complaint. No costs will be imposed.

Attorney Ginsberg was admitted to practice law in Wisconsin in 1982. He was retained to represent A.P., a commercial truck driver who received a speeding ticket in La Crosse County for driving 20–24 miles per hour over the posted speed limit. During settlement negotiations, the district attorney orally offered to amend the citation to a charge of speeding 16–19 miles per hour over the posted speed limit. In response, Attorney Ginsberg sent the district attorney, via facsimile, a proposed stipulation to a charge of 14 miles per hour over the speed limit.

The district attorney signed the proposed stipulation and forwarded it to the judge who, in turn, accepted the stipulation and entered judgment against A.P. for operating a motor vehicle 14 miles per hour over the posted speed limit. The judgment required A.P. to pay a civil forfeiture. However, the district attorney did

not tell Attorney Ginsberg she had signed the stipulation, and she did not send him a signed copy of the stipulation. The La Crosse County clerk of circuit court then failed to send a signed copy of the stipulation or a notice of entry of judgment to either Attorney Ginsberg or A.P. Accordingly, A.P. was unaware that he was required to pay a civil forfeiture and, on December 5, 2006, A.P. was advised that his commercial license had been suspended for failure to pay that forfeiture. He paid the forfeiture with his credit card. Attorney Ginsberg paid the reinstatement fee for A.P.'s driver's license on December 11, 2006. It is undisputed that A.P. lost income the week his license was suspended.

On October 10, 2007, the Office of Lawyer Regulation (OLR) filed a complaint against Attorney Ginsberg relating to his representation of A.P. The complaint alleged that he violated SCR 20:1.3, which requires a lawyer to act "with reasonable diligence and promptness in representing a client," and former SCR 20:1.4(a), which required that a lawyer "shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." Following the execution of a stipulation regarding certain facts and an evidentiary hearing, the referee issued a report and recommendation concluding that Attorney Ginsberg violated SCR 20:1.3 but that he did not violate former SCR 20:1.4(a).[1] The referee reasoned that "[n]either [the district attorney's] negligence, nor that of the clerk of court, provides an excuse for Ginsberg's lack of diligence in this case. The consequences of his failure to follow up on his unilateral offer created the situation that could have been avoided by

---

[1] The Office of Lawyer Regulation (OLR) has not appealed the dismissal of the alleged violation of SCR 20:1.4(a).

10

the exercise of caution and care that one would expect from a reasonably prudent and competent lawyer."

Attorney Ginsberg disputes the referee's conclusion that he violated SCR 20:1.3. Attorney Ginsberg asserts that that he acted with reasonable diligence and promptness in this matter. He explains that typically if a district attorney rejects a proposed stipulation he would receive notice of a trial date or, alternatively, the file might remain dormant. He provided evidence, including the expert testimony of Attorney Gerald Mowris, that permitting some delay in resolving a traffic case is usually in the client's best interest. Moreover, the record supports his assertion that his failure to receive either notice that the proposed stipulation had been accepted and executed or notice of entry of judgment was exceedingly unusual. We acknowledge the OLR's point that Attorney Ginsberg could have made "one phone call inquiring as to the status of his proposed stipulation" or he could have checked the Wisconsin Circuit Court Access Program available on the Internet. Ideally, Attorney Ginsberg would have checked the status of his proposed stipulation. However, given this unusual circumstance in which notice of entry of judgment was not provided to either Attorney Ginsberg or his client, we decline to hold that Attorney Ginsberg's conduct in this case violated his ethical obligation to act with reasonable diligence and promptness in representing a client. We conclude that the OLR has failed to establish by clear and substantial evidence that Attorney Ginsberg violated SCR 20:1.3.

IT IS ORDERED that the OLR's complaint is dismissed. No costs will be imposed.